# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 13-70 |
| | ) | Civil Action No. 18-437 |
| MICHAEL EUGENE GORNY, | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.  Introduction

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("§ 2255 Motion") filed by *pro se* Defendant Michael Eugene Gorny ("Defendant") (Docket No. 150), which is opposed by the Government. (Docket No. 152). Defendant seeks to vacate his conviction and sentence of 110 months' incarceration for being a felon in possession of a firearm. For the following reasons, Defendant's § 2255 Motion will be denied.

### II.  Background[1] and Procedural History

Defendant was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Docket No. 1). At trial, the Government presented evidence that detectives from the Pittsburgh Police Department went to Defendant's house on July 4, 2012, to arrest him for an unrelated crime. The detectives parked their car about ten car-lengths away from the house on the other side of an empty lot. According to the detectives' testimony, they

---

[1]  The factual background is derived from the decision of the United States Court of Appeals for the Third Circuit in United States v. Gorny, 655 F. App'x 920 (3d Cir. 2016).

1

were able to surveil Defendant's house with an unobstructed view from that vantage point. The detectives saw Defendant exit the house and toss a bag into the yard of the vacant house next door. After the detectives arrested Defendant, they retrieved the bag and found two firearms inside. The police unsuccessfully tested the bag and guns for fingerprints, but they did not test for DNA evidence.

On September 5, 2014, following a four-day trial, Defendant was found guilty of being a felon in possession of a firearm. (Docket No. 94). On April 29, 2015, the Court sentenced Defendant to a term of 110 months' imprisonment followed by a three-year term of supervised release. (Docket Nos. 119, 120).

Defendant subsequently filed a direct appeal, challenging his conviction on the ground that this Court erred in giving an "anti-CSI" jury instruction and his sentence on the ground that the Court erroneously applied § 2K2.1(a)(1) of the United States Sentencing Guidelines. The United States Court of Appeals for the Third Circuit concluded that neither argument had merit and affirmed Defendant's conviction and sentence. See Gorny, 655 F. App'x at 922, 927. On May 1, 2017, the Supreme Court denied Defendant's petition for a writ of certiorari.

On May 24, 2018, Defendant filed the § 2255 Motion seeking to vacate his conviction and sentence claiming that: (1) the evidence supporting his conviction was insufficient; (2) the underlying police investigation was tainted and certain evidence was destroyed; (3) the Court improperly gave the jury an "anti-CSI effect" instruction; and (4) his prior convictions did not constitute "crimes of violence" for purposes of Guideline § 2K2.1(a)(1). (Docket No. 150). On June 25, 2018, the Government filed a response arguing that Defendant is not entitled to § 2255 relief on any of his claims. (Docket No. 152). The matter is now ripe for review.

## III. Legal Standard

A prisoner in federal custody may move to vacate his sentence under 28 U.S.C. § 2255 if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As a collateral challenge, a motion under § 2255 is "reviewed much less favorably than a direct appeal of the sentence." United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014). Section 2255 relief "is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" Id. (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

A district court must order an evidentiary hearing in a federal habeas case if a defendant's § 2255 allegations raise an issue of material fact. United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. United States v. Costanzo, 625 F.2d 465, 470 (3d Cir. 1980); see also United States v. Tolliver, 800 F.3d 138, 140-41 (3d Cir. 2015). If a hearing is not held, the district judge must accept the defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." Gov't of Virgin Islands v. Bradshaw, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). The Court finds no need for an evidentiary hearing in this case because the record conclusively establishes that Defendant is not entitled to relief.

## IV. Discussion

Defendant is not entitled to § 2255 relief because two of his claims previously were raised and resolved on direct appeal and the remaining claims are procedurally barred.

### A. Claims Previously Litigated

A §2255 motion may not be employed to re-litigate issues that were raised and resolved in a prior direct appeal. See Travillion, 759 F.3d at 288 (citing United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993)). Despite this prohibition, Defendant attempts to re-litigate two issues that he previously raised on direct appeal: (1) the Court erred in giving an "anti-CSI" jury instruction; and (2) the Court incorrectly found that certain of his prior convictions constituted "crimes of violence" for purposes of Guideline § 2K2.1(a)(1). (Docket No. 150 at 6, 9).

The Third Circuit previously rejected Defendant's challenge to the "anti-CSI" jury instruction because the trial evidence justified the instruction and the Court correctly stated the law in instructing the jury that the Government need not use specific investigative techniques or all possible investigative techniques. Gorny, 655 F. App'x at 922-24. Additionally, the Third Circuit found that the Court correctly determined that his prior convictions of attempted aggravated assault and aggravated assault constituted "crimes of violence" as defined by Guideline § 4B1.2, which led to a higher base offense level pursuant to Guideline § 2K2.1(a)(1). See id. at 924-27. Given the fact that these issues were raised and resolved on direct appeal, the Court will not address them again in the context of this §2255 proceeding.

### B. Procedural Bar

Defendant's claims concerning the sufficiency of the evidence and the alleged inadequacy of the underlying investigation and destroyed evidence could have been raised on direct appeal but were not. Therefore, those claims are procedurally barred. See Bousley v. United States, 523 U.S.

614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"[2] Bousley, 523 U.S. at 622 (citations omitted). It is the defendant's burden to show both cause and prejudice. See Smith v. Murray, 477 U.S. 527, 533 (1986).

To establish cause for the procedural default, a defendant must show that "some objective factor external to the defense impeded counsel's efforts to raise the claim." McCleskey v. Zant, 499 U.S. 467, 493 (1991) (citation omitted). Examples of external objective factors which have been found to constitute cause include "interference by officials," "a showing that the factual or legal basis for a claim was not reasonably available to counsel," and "ineffective assistance of counsel." Id. at 494.

Once a legitimate cause to excuse the procedural default is shown, a defendant must also establish actual prejudice resulting from the errors about which he complains. See United States v. Frady, 456 U.S. 152, 168 (1982). To do so, the defendant must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 170 (emphasis in original). Accordingly, the defendant must prove that, if not for the error, there is a reasonable probability that the result of the proceeding would have been different. Strickler v. Greene, 527 U.S. 263, 289 (1999).

---

[2] To establish actual innocence, a petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks and citation omitted). Defendant does not make a claim of actual innocence here.

### 1. Sufficiency of the Evidence

Defendant contends that "the Government's claims are a physical impossibility" because the police officers could not have observed what they claimed to have seen from their surveillance position. (Docket No. 150 at 5). Defendant submits nothing more than this conclusory assertion that there was insufficient evidence to support his conviction, without offering any cause or reason why this claim was not raised on direct appeal.

Even if Defendant could establish cause, he is unable to show prejudice. To illustrate, in renewing his motion for a judgment of acquittal after presenting his case at trial, Defendant made an argument similar to his current claim of "physical impossibility" by contending that the police officers could not have seen what they testified to because of an obstructed view. (Docket No. 129 at 195-96). This Court applied the appropriate legal standard and denied his motion for a judgment of acquittal. (Id. at 197-98). If Defendant disagreed with the Court's ruling concerning the sufficiency of the evidence, he could have pursued the matter on direct appeal, but he did not. Given same, along with his failure to show that there is a reasonable probability that he would have been acquitted at trial absent the claimed error, Defendant cannot establish prejudice.

### 2. Tainted Investigation and Destroyed Evidence

Defendant argues that the police officers were lazy and sloppy, played "fast and loose" with the facts and lied, and did not follow normal procedures, consequently the entire investigation of his case was tainted. (Docket No. 150 at 8). In addition to the fact that this claim is procedurally barred because Defendant has not established cause and prejudice, it is based entirely on Defendant's own speculation which he fails to substantiate with any evidence.

Defendant also complains that the bag was destroyed after no fingerprints were found, but before he was able to examine it or perform DNA testing. (Docket No. 150 at 5). As an initial

matter, "[a] defendant who claims destroyed evidence might have proved exculpatory if it could have been subjected to tests has to show the prosecution's bad faith in ordering or permitting its destruction. Without a showing of bad faith, failure to preserve evidence that might be of use to a criminal defendant after testing is not a denial of due process." United States v. Deaner, 1 F.3d 192, 200 (3d Cir. 1993) (citing Arizona v. Youngblood, 488 U.S. 51, 58 (1988)). To the extent Defendant contends that the Government acted in bad faith by destroying evidence, such a claim implicates "a defect in instituting the prosecution," which is required to be raised before trial unless good cause is shown. United States v. Nwokedi, 710 F. App'x 91, 93 (3d Cir. 2017) (citing Fed. R. Crim. P. 12(b)(3)(A) and 12(c)(3)). Defendant did not file with this Court prior to trial a motion concerning destroyed evidence, nor did he argue on appeal that good cause existed for his failure to do so. Defendant has not provided the Court with any reason for these failures, thus he has not established cause. Further, Defendant has not shown that the outcome of the proceeding would have been different if he had the opportunity to conduct DNA testing on the evidence, for his defense may have been undermined if his DNA had been found on the bag. Nevertheless, Defendant's counsel questioned the detectives about the fact that the bag was thrown away, (Docket No. 129 at 94-95), thus that information was available to the jury to consider in its deliberations. For these reasons, Defendant has not shown prejudice as to his claim that evidence was destroyed.

## V. Conclusion

For the reasons explained herein, Defendant's § 2255 Motion fails to raise any meritorious claim and will be denied, with prejudice. Moreover, the Court concludes that Defendant has failed to make a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability. An appropriate order follows.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: October 17, 2018

cc/ecf: All counsel of record

Michael Eugene Gorny
(via U.S. mail)